312 P.2d 781

James KOROBAS, Plaintiff and Appellant,

v.

James A. HENDERSON, Defendant and Respondent.

No. 8636.

Supreme Court of Utah.

June 25, 1957.

Clyde & Mecham, Bryce E. Roe, Salt Lake City, for appellant.

Richard L. Bird, Jr., Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a no cause of action judgment in a case involving alleged damages for breach by defendant-contractor of a construction contract. Affirmed, no costs awarded.

In March, 1952, the parties entered into a written construction contract, in which was included the following provision:

> "15. If either party to this Contract shall suffer damage in any manner because of any wrongful act or neglect of the other party or of anyone employed by him, then he shall be reimbursed by the other party for such damage. Claims under this clause shall be made in writing to the party liable within a reasonable time at the first observance of such damage and

not later than the time of final payment, *except as expressly stipulated otherwise in the case of faulty work or materials,* and shall be adjusted by agreement or arbitration." (Italics added)

On December 5, 1952, final payment was made under the contract.

In August, 1955, this action was commenced, alleging some 23 instances of faulty workmanship or deviation from the plans.

At a pre-trial conference the court concluded that Par. 15, quoted above, precluded recovery for any defections under the contract which, upon reasonable inspection, could have been discovered before final payment, and limited the issues, therefore, to those claimed violations which could not have been so discovered. We believe the trial court concluded correctly and properly sifted the items and narrowed the issues under our rules.[1] The alleged deviations which were undiscoverable are of no concern to us here since they were compromised or lacking in proof, the plaintiff offering no evidence as to some of the items, and accepting a tender of $137.60 as to others.

■ It is urged that the language of Par. 15 which we have italicized, would extend the time to assert faulty work or material claims for the regular statutory

limitations period, within which this action was brought. Difficulty lies in the fact that the contract contained no provision where the parties "expressly stipulated otherwise in the case of faulty work or material," and the italicized language, therefore, was impotent. Par. 15 remained as though such language were not included therein. We believe the remainder of the paragraph contains phraseology broad enough to preclude assertion of claims after final payment that were discoverable upon a reasonable inspection, since most certainly all of the visible defects, if any, would have represented damage "in any manner" because of "neglect" of the contractor.

Counsel conceded that the italicized language found its way into the contract and Par. 15 simply by copying the same from a standard form used by architects, from which certain terms and conditions were lifted by plaintiff's own scrivener. Such italicized language has an obvious purpose but is conditioned on specificity as to faulty work or material provisions elsewhere in the contract, which are lacking here.

■ As to counsel's claim that the court should have awarded attorney's fees under the contract for plaintiff's having had to enforce it, there was no evidence to indicate what amount should be awarded save the statement of the trial judge at pre-trial that $300 would be reasonable, if the matter went

**1.** Rule 16, Utah Rules of Civil Procedure.

to suit. The parties agreed to the amount, but it appears that although the matter was set for trial on a day certain, it was nothing more than a brief continuation of the pre-trial conference, no evidence being adduced or offered and the matter being heard in chambers. Under such circumstances we cannot say that the trial court erred in failing to award either party costs or attorney's fees.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.